IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES D. YOUNG                                                                                         PLAINTIFF

v.                                          5:03CV00365WRW/HLJ

ARKANSAS DEPARTMENT
OF CORRECTION, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the defendants' motions for summary judgment (DE ##159, 163). Plaintiff has filed responses in opposition to the motions (DE ##168,169), and defendants have filed replies (DE ##174, 175).

Plaintiff, a former inmate of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs and other miscellaneous unconstitutional conditions of confinement. By Order dated March 30, 2005, this Court dismissed numerous claims asserted by plaintiff in his original and amended complaints (DE #69). Therefore, the remaining claims against defendants Correctional Medical Services, Inc. (CMS) and Dr. Roland Anderson concern their alleged deliberate indifference with respect to plaintiff's need for an electric wheelchair, his temporary transfer to another Unit without an electrical outlet for his C-Pap machine, and his exposure to a staph infection. Plaintiff's claims against ADC defendants Ray Hobbs, Larry Norris, Max Mobley, John Byus, Grant Harris, and Major Wagner concern their deliberate

indifference to these same medical needs. Plaintiff asks for monetary relief from the defendants.

According to plaintiff's complaints and mostly undisputed facts set forth by the parties, plaintiff entered the Diagnostic Unit of the ADC in September, 2001. At the time, he was utilizing an electric wheelchair because of cerebral palsy, but his wheelchair was confiscated, according to ADC policy, and he was provided with a manual wheelchair. He signed an Intake Inmate Personal Property Record Form which certified that the disposition of all property listed in the inventory (which included the wheelchair) was correct, and the property was released to an individual identified as Rachael Reed on September 25, 2001. (DE #163, Exs. F, G). Shortly after arriving at the Diagnostic Unit, plaintiff was transferred to the East Arkansas Regional Unit (EARU), where he stayed until he was transferred to the Jefferson County Jail Facility on November 30, 2001. He remained at the Jefferson County Jail Facility until he was released from ADC custody in April, 2006.

Upon plaintiff's transfer to the EARU in September, 2001, a C-Pap machine that had been issued to him to assist with his sleep apnea condition, was not immediately sent with him. However, soon after he was issued the machine on October 19, 2001, it was discovered that the EARU was not equipped with the type of electrical outlets needed for the C-Pap machine. Therefore, he was transferred to the Jefferson County Jail Facility, where electrical outlets accommodated the machine. Plaintiff alleges he was without use of the machine for thirty-nine days. Plaintiff's remaining allegation concerns his alleged exposure to a staph infection while at the Jail Facility.

## II. Summary Judgment Motions

### A. Medical Defendants

Defendants CMS and Anderson move for summary judgment based on plaintiff's failure to establish that they were deliberately indifferent to his serious medical needs, and his failure to establish

any injury suffered as a result of their alleged constitutional violations. Specifically, these defendants contend they have no control over the policy pursuant to which his wheelchair was confiscated, because plaintiff's electric wheelchair was confiscated upon his entry into the ADC pursuant to an ADC policy, over which they lacked control. At the time of his entry, plaintiff was examined by a physician who determined plaintiff demonstrated no need for an electric wheelchair. Furthermore, when it was determined that the first manual wheelchair issued to him did not fit him properly, he was issued a second chair, and then placed in a sheltered barracks area with other ill inmates. With respect to the C-Pap machine, defendants acknowledge plaintiff was without the machine for a period of time, but contend he can not establish any ill effects as a result. Finally, defendants note plaintiff has never alleged he actually contracted a staph infection, only that he was exposed to such.

Defendants also contend plaintiff is attempting to hold them responsible under the theory of respondeat superior, which is not actionable in cases filed pursuant to § 1983, and that he has failed to establish an unconstitutional pattern or practice of deliberate indifference by them. Furthermore, defendants note that while incarcerated at the ADC, plaintiff received numerous physical exams, tests, and received appropriate medical care. In support, defendants attach to their motion copies of plaintiff's medical records, together with an affidavit of defendant Anderson. (DE #161, Exs. 2, 3). According to Anderson's affidavit, plaintiff's electric wheelchair was confiscated because it did not meet with the ADC security requirements, and defendant CMS was unable to override that security decision. In addition, defendant Anderson states that sleep apnea does not cause immediate health risks, and plaintiff would not have suffered lasting health effects as a result of his time without the machine. Finally, Anderson contends a review of plaintiff's records indicates he was adequately treated during his time of incarceration, and his complaints amount only to a disagreement over the type of medical care

provided.

B.  Plaintiff's Response

In his response, plaintiff states that defendants CMS and Anderson were notified that his electric wheelchair was confiscated upon his arrival, and since they were under contract with the ADC to provide plaintiff's medical care, they should have made arrangements for him to receive the electric chair.  In addition, plaintiff contends defendants acknowledge that he was without the C-Pap machine for thirty-nine days, and that such seriously jeopardized his health.  Plaintiff also argues he has stated a claim against defendants for negligence under Arkansas law, and that material issues of fact remain to be decided by a jury.  In his affidavit (DE #168), plaintiff states that because he was forced to use a manual wheelchair, his back was further injured, which created pain and suffering and may have made his injuries permanent. Plaintiff also asserts a claim of overall unconstitutional treatment of all medically-impaired inmates by defendant CMS and refers to lawsuits and newspaper articles concerning the medical treatment of other inmates.

C.  Defendants' Reply

In their reply, defendants argue plaintiff does not support any of his allegations with proof or evidence, as required at the summary judgment stage.  Defendants also note plaintiff did not file a separate statement of undisputed material facts to counter that which they provided, and therefore, defendants' facts should be deemed admitted.  Whether or not these facts are deemed admitted is not crucial to a decision in this case.

D.  ADC Defendants' Motion

Defendants Hobbs, Norris, Mobley, Byus, Harris and Wagner argue plaintiff has failed to support an Eighth Amendment claim of deliberate indifference against them, and many of his allegations against

them are based on their supervisory liability, which is not an available theory of liability under § 1983. Defendants note they are not medical professionals and are not involved in the day-to-day medical treatment of the inmates. They also each provide affidavits in support of their assertions of non-liability (DE #163). The individual defendants note the following with respect to plaintiff's allegations against them:

1) ADC Director Larry Norris - Plaintiff does not specifically allege any particular unconstitutional actions by defendant Norris. In his deposition (DE #163, Ex. A), plaintiff stated he had two telephone conversations with defendant Norris' assistant, but he did not speak personally with defendant Norris. In addition, plaintiff does not allege Norris was ever made aware of plaintiff's specific situations. Therefore, plaintiff does not state a claim for relief against this defendant, and he should be dismissed.

2) Chief Deputy Director Ray Hobbs - Again, plaintiff's complaints do not contain specific allegations against this defendant, and he also was not mentioned in plaintiff's deposition. Therefore, he should be dismissed for failure to state a claim.

3) Former Deputy Director Max Mobley - Plaintiff alleges he was told by a law clerk that Mobley should be named in the complaint since Mobley was the liaison between ADC and CMS. Plaintiff also alleges Mobley told him that if his outside records indicated a need for an electric wheelchair, plaintiff could have one. Mobley states he responded to all of plaintiff's medically-related grievances and that whether or not there was a medical need for plaintiff to have an electric wheelchair, such a decision would have had to be made by medical personnel. Plaintiff's medical records provide no indication that such a need was ever established.

4) Administrator John Byus - Plaintiff's complaints do not contain allegations against him, and

plaintiff states in his deposition he once spoke with Byus about his need for an electric wheelchair, and Byus responded to him that if Medicare had proof of such a need, he would have one. Defendant argues plaintiff has provided no evidence that he violated his constitutional rights by depriving him of an electric wheelchair. Therefore, defendant contends he should be dismissed for failure to state a claim.

5) Warden Grant Harris - Plaintiff alleges the Warden is responsible for ensuring that inmates' needs are met, and defendant Harris told him an Assistant Warden would take care of any of his problems. Defendant states he is not a medical practitioner and does not have the authority to override medical treatment and decisions, and therefore can not be held liable. In addition, defendant notes plaintiff does not allege that he ever refused to assist him or that he ignored his complaints. Therefore, this defendant also contends he should be dismissed.

6) Major Rick Wagner - Plaintiff alleges Wagner is the officer responsible for confiscating his wheelchair at intake, and instructed a clerk to contact the infirmary about obtaining a manual wheelchair for plaintiff. Although plaintiff disagrees with this decision, defendant argues he was doing his job and did not violate plaintiff's constitutional rights.

7) Other remaining defendants - Defendants argue that to the extent the Arkansas Department of Correction and unknown John Doe defendants still remain in this case, plaintiff has failed to state a claim against them.

E.  Plaintiff's Response

In his response, plaintiff contends defendants Norris and Harris can be held liable if their policy decisions resulted in unconstitutional conditions, and a prison policy that deprived inmates of proper medical care states a claim upon which relief may be granted. Plaintiff also states defendant Wagner

was personally aware of his sleep apnea problem, yet deferred to CMS personnel which, caused a delay of thirty-nine days in receiving a workable machine. In addition, plaintiff states Wagner confiscated his wheelchair and argues the ADC and CMS defendants should not be able to point fingers at each other in an effort to excuse their own failures. Finally, plaintiff states the ADC defendants should be held liable for negligence under Arkansas law.

F.  Defendants' Reply

Defendants note plaintiff has not provided any evidence to support his positions concerning injury or harm by the defendants, and he does not dispute that the ADC defendants are not medical personnel and can not make medical decisions. They further argue plaintiff does not identify any specific policy that allegedly deprives medically-segregated inmates of adequate medical care and that it is undisputed that at no time during plaintiff's incarceration was an electric wheelchair ever found to be medically-necessary. Finally, defendants contend plaintiff does not offer any evidence to refute his medical records or any other documentary evidence.

G. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for


trial." Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, **the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit**." Id. (Emphasis added).

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 197 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996 ).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

With respect to plaintiff's allegations against the ADC officials, the Court notes that in <u>Keeper v. King</u>, 130 F.3d 1309, 1314 (8th Cir. 1997), the Court held that claims of medical indifference should be filed against the individuals directly responsible for the inmate's medical care. In addition, the general responsibility for supervising the operations of a prison is insufficient to establish personal involvement required to support liability. See <u>Camberos v. Branstad</u>, 73 F.3d 174, 176 (8th Cir. 1995).

<u>H. Analysis</u>

    1) Electric Wheelchair

        a) Medical defendants - Initially, the Court notes that plaintiff has failed to set forth any specific constitutional violations by these defendants. Plaintiff does not dispute that the ADC policy against electric wheelchairs was the reason for the confiscation in this case; rather, he appears to state the medical defendants should have overridden the ADC policy in favor of the electric wheelchair. However, plaintiff has failed to provide any medical evidence supporting his need for an electric wheelchair, and defendants' failure to override the ADC policy does not amount to a claim for deliberate indifference. Furthermore, plaintiff appears to disagree with the manner of his treatment, as opposed to claiming a lack of treatment, and such does not support a constitutional claim. See <u>Long</u>, supra, 86 F.3d at 765.

        b) ADC defendants - Again, absent any evidence to the contrary, defendants' decision or policy to confiscate the electric wheelchair does not establish a constitutional violation. First, the court notes that plaintiff has provided no medical proof of injury as a result of being required to use a manual wheelchair. Second, plaintiff does not allege defendants failed to treat him, but rather, he merely disagrees with the decisions made regarding his needs. Third, the ADC defendants are not medical personnel, and therefore, absent medical authorization for an electric wheelchair, their adherence to their

own security policy was not a violation of plaintiff's constitutional rights.

2) C-Pap Machine - With respect to his allegations against all defendants, the court finds plaintiff fails to establish a claim for deliberate indifference. After defendants realized the C-Pap machine was not compatible with the electrical outlets at the EARU, arrangements were made for plaintiff to be transferred back to the Jefferson County Jail Facility where his treatment could be resumed. Again, plaintiff does not provide any medical evidence or allegations concerning any harm suffered as a result of not using the machine for thirty-nine days. Rather, he appears to associate his fear or apprehension of possible damage with actual injury, which has not been supported. Therefore, the Court finds no constitutional violation with respect to this allegation.

3) Staph Infection - Again, plaintiff provides absolutely no allegation or evidence in support of his claim. Plaintiff does not allege he acquired a staph infection, or any other injury as a result of an alleged exposure. Therefore, this claim also must be dismissed

4) Miscellaneous claims - Although plaintiff continues to refer to claims based on the Americans with Disabilities Act and state law negligence (medical malpractice), all allegations other than the medical/deliberate indifference claims set forth above were dismissed in the Court's March 30, 2005 (DE #69) Order. Therefore, the Court finds that defendants' motions for summary judgment should be granted, and plaintiff's complaint against defendants should be dismissed with prejudice. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions for summary judgment (DE ##159, 163) are hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 9th day of November, 2007.

_/s/ Henry L. Jones, Jr._
United States Magistrate Judge